IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>1) OMAR MARRERO-CRUZ<br>(Counts 1, 2, 3, 4, 5, 6, 7 and 8)<br>2) CARLOS OLIVERAS-GONZALEZ<br>(Counts 1, 2, 3, 4, 5, 6, 7 and 8)<br>3) SAMUEL BRISTOL-MARTIR<br>(Counts 1, 6, 7, 8, 9, 10)<br>4) ALVIN FLORES-BOSQUEZ<br>(Counts 1, 6, 7, and 8)<br>5) FRANCISCO SANTIAGO-ALBINO<br>(Counts 1, 9 and 10)<br>6) JAMILL AGUILA-BARRIOS<br>(Counts 1, 2, 3, 4, 5, 6, 7 and 8)<br>Defendants | CRIMINAL 05-0235CCC |

**O R D E R**

Having considered the Motion to Sever Defendants filed by defendant Samuel Bristol-Martir on March 12, 2006 (**docket entry 206**) and the United States' response filed on March 13, 2006 (**docket entry 208**), the same is DENIED. Defendant never made an indication to the Court before the trial commenced as to the circumstances described in paragraphs 3 and 4 of his motion regarding a possible testimony by co-defendant Carlos Oliveras on his behalf. As Fed.R.Crim.P. 12(b)(3)(D) specifies that motions to sever must be made before trial, defendant's request is clearly untimely.

Even if the motion had been timely filed, to obtain a severance on the basis of a codefendant's testimony the defendant must demonstrate: (1) a bona fide need for the testimony; (2) the substance of the testimony; (3) its exculpatory nature and effect; and (4) that the codefendant will in fact testify if the cases are severed. United States v. Drougas, 748 F.2d 8, 19 (1st Cir.1984). See also United States v. Mazza, 792 F.2d 1210, 1223 (1st Cir. 1986). But since no affidavit by either defendant or his counsel has been submitted in support of the facts alleged in the motion for severance, he has failed to establish the first three factors.

CRIMINAL 05-0235CCC                    2

As to the fourth, defendant has not shown, as required, that Oliveras would in fact testify for him at a separate trial by filing an affidavit from Oliveras to that effect. See Drougas, 748 F.2d at 19. See also e.g. United States v. Font-Ramírez, 944 F.2d 42, 45-46 (1st Cir. 1991).

As the Court of Appeals observed in United States v. Houghton, 554 F.2d 1219, 1222 (1st Cir.), cert. denied, 434 U.S. 851, 98 S.Ct. 164 (1977):

> M]otions for a severance so that a defendant may be able to call a codefendant to the stand are usually denied. The courts show a healthy, and quite justified skepticism whether the defendant would call his codefendant if he could, and whether the codefendant would not claim his constitutional privilege even in a separate trial.

(Citations omitted.)

SO ORDERED.

At San Juan, Puerto Rico, on March 14, 2006.

S/CARMEN CONSUELO CEREZO
United States District Judge