IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff | |
| vs | CRIMINAL 05-0235CCC |
| **1) OMAR MARRERO-CRUZ**<br>(Counts 1, 2, 3, 4, 5, 6, 7 and 8)<br>2) CARLOS OLIVERAS-GONZALEZ<br>(Counts 1, 2, 3, 4, 5, 6, 7 and 8)<br>**3) SAMUEL BRISTOL-MARTIR**<br>(Counts 1, 6, 7, 8, 9, 10)<br>4) ALVIN FLORES-BOSQUEZ<br>(Counts 1, 6, 7, and 8)<br>5) FRANCISCO SANTIAGO-ALBINO<br>(Counts 1, 9 and 10)<br>6) JAMILL AGUILA-BARRIOS<br>(Counts 1, 2, 3, 4, 5, 6, 7 and 8) | |
| Defendants | |

**O R D E R**

Defendant Omar Marrero-Cruz has filed a Motion for New Trial (**docket entry 260**) based on frivolous arguments. The first argument is that the Court did not conduct a sufficient inquiry on the following incidents: (1) misconduct of the juror who was replaced for conducting outside research, (2) the incident between a Deputy U.S. Marshal and co-defendant Francisco Santiago-Albino's spouse and (3) regarding a newspaper article dated March 24, 2006 where the names of defendants are mentioned in a report of the unrelated arrest of police officers in another case. As to the first two situations, the record of the in-chambers interview of the jurors reflect that the parties agreed that the same was sufficient and that the Court had enough information without conducting further voir dire of all the remaining jurors. The matter concerning the news article triggered an in-chambers voir dire of all the jurors which composed the regular panel before the two alternate jurors replaced the juror who was traveling to France and the juror who conducted outside research against the Court's instructions. After the newly constituted jury was formed, neither movant nor any other defendant requested that the two alternates also be questioned as to the news article. Movant's protestations are untimely.

CRIMINAL 05-0235CCC                    2

Movant claims that he was not allowed to call the case agent as a witness "based on procedures that are contrary to defendant's right to present evidence on his behalf." Motion, at p. 1. The procedures that he refers to are the Touhy regulations found at 28 C.F.R. §§16.21 et. seq., which he did not comply with. This was a matter that was raised and ruled upon by the Court. Had he complied with the requirements of said regulations, as all individuals seeking testimony from a law enforcement officer are required to do, he would have been able to call the case agent as a witness for the defense. Movant gives no explanation as to why the procedures are contrary to his rights to present a defense. His deficient handling of the regulations does not convert the regulations themselves into unconstitutional barriers to his right to prepare a defense.

The admission into evidence of an AR rifle as a government exhibit is claimed to have a prejudicial effect since there was no substantive charge for that weapon. The weapon was relevant to both the conspiracy count and to the weapons charge set forth in Counts One and Five.

The matter regarding the Court having read an amended instruction on Counts Two, Four, Six, Seven and Nine is alleged to have enhanced the awareness of the jury to the elements of the charges, overshadowing all other instructions. As stated previously in other Orders where the specific circumstances which served as backdrop to the re-instructing of the jury are set forth, this was necessary to correct the situation created by a juror who briefly read to the first jury the definitions of certain legal terms which she obtained in the Internet. When the amended instruction on the counts of attempt to possess with intent to distribute controlled substances was re-read, the jurors were told that they were not to single out any one instruction and had to consider all of the Court's instructions as a whole. Movant speculates that because of the interruption in deliberations the jury could only had remembered the last instruction given to the newly constituted jury. Jurors are presumed to follow the Court's instructions on the law, and just because one juror failed to do so one cannot speculate that the remaining jurors did not heed the Court's instructions.

The last two arguments have been addressed by the Court in separate Orders. The so-called "multiple delays" during trial and deliberation are fully discussed and rejected as claimed speedy trial violations in the Court's April 11, 2006 Order (docket entry 263) denying

CRIMINAL 05-0235CCC                    3

movant Marrero-Cruz' Motion to Dismiss (docket entry 251).  Again, Mr. Marrero-Cruz only proffers sheer speculation alleging that "the jurors came ready to end the case to avoid more interruptions in their lives."  Motion, at p. 2, ¶7.  His final contention that a verdict had been reached by the first jury in his case and that it was replaced by the verdict of the new jury has been rejected in the Court's separate Order denying defendant Oliveras-González' same claim.

For the reasons stated, the Motion for New Trial filed by defendant Omar Marrero-Cruz (**docket entry 260**) is DENIED.[1]

The Motion for New Trial filed by defendant Samuel Bristol-Mártir (**docket entry 259**) is also DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on May 2, 2006.

S/CARMEN CONSUELO CEREZO
United States District Judge

---

[1]  The Motion for Joinder of Co-defendants' Motion for New Trial filed by defendant Francisco Santiago-Albino on April 12, 2006 (docket entry 265), where he makes a blanket joinder without any analysis regarding his particular situation, to the motions for new trial filed by co-defendants Oliveras-González (docket entry 256), Bristol-Martir (docket entry 259) and Marrero-Cruz (docket entry 260) is NOTED.  Likewise NOTED is the Motion to Join filed by defendant Oliveras-González (docket entry 262).